# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

GREG SUMMERLIN,
Petitioner,

vs.

WARDEN, TRUMBULL
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:19-cv-77

Black, J.
Litkovitz, M.J.

**ORDER**

Petitioner, through counsel, has filed a petition and amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1, 8). This matter is before the Court on respondent's motion for a more definite statement. (Doc. 9).

In the motion, respondent asks for clarification on Grounds One and Three of the petition, as well as supporting facts for Grounds Five and Six. (Doc. 9). In Ground One, petitioner contends that his constitutional rights were violated by the trial court's failure to allow him to change counsel. In Ground Three, petitioner claims he was denied the effective assistance of counsel. In the motion for clarification, respondent seeks clarification as to whether Ground One concerns appointed or retained counsel and, with respect to Ground Three, for petitioner to identify the alleged damaging testimony underlying his ineffective assistance of counsel claim. Petitioner has filed a response in opposition to the motion. (Doc. 11).

Respondent subsequently filed a return of writ, to which petitioner has replied. (Doc. 12, 13). In the return of writ, respondent indicates that the trial court record makes clear that petitioner sought for the trial court to appoint him new counsel and that there was no testimony offered at trial regarding petitioner's decision not to testify.[1] The return of writ also includes

---

[1] Respondent states that "[i]f counsel for Summerlin is prepared to concede the facts of record on these two points as respondent has set them out herein in detail and to withdraw the two claims regarding *retained* counsel and *testimony* regarding Summerlin's decision not to testify, respondent is satisfied to withdraw the motion to make more definite and to

arguments in opposition to Grounds Five and Six.[2]

In petitioner's reply, counsel for petitioner affirms that Ground One concerns appointed counsel. Petitioner further clarifies that testimonial evidence regarding petitioner's decision not to testify is not the focus of Ground Three. (*See* Doc. 13 at PageID 1349).

Upon review of the return of writ and reply, it appears that a more definite statement is not required. Accordingly, respondent's motion (Doc. 8) is **DENIED**.

**IT IS SO ORDERED.**

Date: 2/10/20

Karen L. Litkovitz
United States Magistrate Judge

---

proceed with consideration of the case notwithstanding other gaps in the petition." (Doc. 12 at PageID 1304).

[2] Ground Five of the petitioner concerns the sufficiency of evidence. The amended petition states Ground Six as follows: "The trial court improperly admitted evidence denying Petitioner the right to a fair trial and due process of law." (Doc. 8 at PageID 68). With respect to Ground Six, respondent addressed petitioner's claim made in the Ohio Court of Appeals that the trial court erred in admitting two Facebook photographs at trial. (*See* Doc. 12 at PageID 1340–41). Petitioner's discussion of Ground Six in response to the return of writ also focuses on the Facebook photographs. (*See* Doc. 13 at PageID 1364).