# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GREG SUMMERLIN,

        Petitioner,    :    Case No. 1:19-cv-77

- vs -    District Judge Timothy S. Black
    Magistrate Judge Michael R. Merz

BRANDESHAWN HARRIS, Warden,
 Trumbull Correctional Institution,

    :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 17) and Petitioner's Motion for a Certificate of Appealability (ECF No. 18). Judge Black has recommitted the case for reconsideration in light of these two filings (ECF No. 19).

On May 19, 2020, the Magistrate Judge filed a Report and Recommendations (ECF No. 16) which recommended that the Petition be dismissed with prejudice and that the Court deny Petitioner a certificate of appealability.

**Ground One: Denial of Request to Change Counsel**

In his First Ground for Relief, Petitioner claims the trial court denied him his right to change counsel. The Report noted this was a request on the morning of trial with a jury waiting to discharge appointed counsel and replace them with new appointed counsel. Summerlin's reason

1

for seeking replacement was that his attorneys would not give him that portion of discovery marked for counsel only.  Sixteen months earlier the trial court had granted an identical oral motion to change counsel, but advised Summerlin his new attorneys would also not be able to give him the restricted discovery.  Given these facts, the Report concluded the First District's overruling of the analogous assignment of error was entitled to AEDPA deference.

The Objections essentially repeat the arguments Petitioner made before the Report was filed and do not require additional analysis.

**Ground Two: Improper Limit on Cross Examination in Violation of the Confrontation Clause**

In his Second Ground for Relief, Summerlin asserts the trial judge improperly limited his counsels' cross examination of a state's witness. The State introduced the hearsay statements of Allen Grace through the testimony of the uncle of one of the victims. The trial judge then prohibited Summerlin from impeaching Grace through cross-examination of the testifying witness about Grace's criminal record.

The Report concluded this claim was barred for lack of fair presentation because Summerlin did not argue it as a Confrontation Clause claim to the First District.  In the Objections, Summerlin reargues the Confrontation Clause claim, but makes no reference to the lack of fair presentation finding in the Report.[1]  Summerlin had what appears to be a good Confrontation Clause claim here, but never objected on that basis in the trial court and did not argue on that basis in the First District.

The Magistrate Judge again concludes the Confrontation Clause claim in Ground Two is procedurally defaulted for lack of fair presentation in the state courts.

---

[1] The Objections argue the Confrontation Clause claim under the heading "D. Sumerlin's [sic] right to confrontation, a fair trial and due process of law was violated" without referring to the fact that this claim in the Petition is made in Ground Two. (ECF No. 17, PageID 1404-06.)

**Ground Three: Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Summerlin argues he received ineffective assistance of trial counsel when his trial attorney (1) failed to object to the prosecutor's statements in closing, and (2) failed to object to statements admitted in violation of the Confrontation Clause (Reply, ECF No. 13, PageID 1354-57.

**Sub-claim One: Failure to Object to Prosecutor's Comments in Closing**

Summerlin presented no evidence in defense at trial.  At the beginning of his closing argument, defense counsel told the jury they had only heard one side of the story.  In response, the prosecutor told the jury that the State had done nothing to prevent the defense from presenting evidence.  On direct appeal Summerlin argued his lawyer provided ineffective assistance of trial counsel by making the comment in the first place.  When he came to this Court, Summerlin turned this into a claim the prosecutor was commenting on Summerlin's failure to testify.

The Report found Sub-claim One procedurally defaulted because never presented to the First District.  Alternatively, the Report found Sub-Claim One without merit because the prosecutor's comment was a fair reply to the implication from defense counsel's comment that the State had prevented Summerlin from presenting a defense.  Summerlin objects:

> The prosecutor's response unfairly shifted the burden of proof to Summerlin. Essentially, the state argued that if Summerlin could have defended himself he would have. This is devastating to Summerlin's Fifth Amendment rights. These arguments were invited and not objected to by defense counsel, which patently impacted the outcome of this case and the fairness of the trial.

(Objections, ECF No. 17, PageID 1402).  This objection ignores the fact that the prosecutor

nowhere said anything about Summerlin's not testifying.  In the Magistrate Judge's opinion, the prosecutor's comment was a fair response to defense counsel's comment.  That is the way the First District read it and Petitioner has not shown that reading is objectively unreasonable.

**Sub-claim Two: Failure to Make Confrontation Clause Objection**

In his second sub-claim of ineffective assistance of trial counsel, Summerlin argues his counsel provided ineffective assistance of trial counsel when he did not object on Confrontation Clause grounds to the trial court's admission of hearsay statements by Allen Grace.

Without analyzing the deficient performance prong of *Strickland v. Washington,* 466 U.S. 668 (1984), the First District found that trial counsel's failure to object was not prejudicial because the jury heard the testimony of eyewitness and shooting victim Walker to all the facts necessary for conviction.

The Objections label the failure to object "devastating" because it corroborated Walker's testimony.  Not really.  Grace left before the shooting occurred.  He confirmed that Summerlin's nickname was Joker and that Summerlin was present with a number of people.  But the testimony was clear that Walker knew Summerlin and actually observed the two shootings and heard Summerlin direct Huffaker to shoot. Once Walker survived the shooting. Summerlin's cahnces of winning on the theory that he was not even there were slim.  In any event, the First District's determination of lack of prejudice is not an unreasonable determination of the facts on the basis of the evidence presented.  See 28 U.S.C. § 2254(d)(2).

**Ground Four: Improper Jury Instruction on Flight**

In his Fourth Ground for Relief, Summerlin complains that the trial judge's instruction that the jury could infer consciousness of guilt from his flight from the crime scene deprived him of due process and a fair trial because it "improperly shifted the burden [to Summerlin]to offer an explanation of his whereabouts."

The Report rejected the Warden's procedural default defense on this claim, but found the claimed error did not rise to the level of a constitutional deprivation and therefore was without merit. In his Objections Summerlin cites no Supreme Court precedent establishing that giving a light instruction in circumstances like those in this case violates due process. The instruction did not create a mandatory presumption of consciousness of guilt upon proof of flight, but merely allowed the jury to make the inference. Contrary to Summerlin's claim, it did not shift the burden of proof to him. It merely gave the jury a permissible inference which Summerlin was free to attempt to rebut. Of course, he did not make the attempt, either by how own testimony or that of others.

**Ground Five: Insufficient Evidence of Attempted Aggravated Murder**

In his Fifth Ground for Relief, Summerlin asserts there was insufficient evidence to convict him of the attempted aggravated murder of Walker. The Report found the First District applied the correct federal standard from *Jackson v. Virginia*, 443 U.S. 307 (1979), and that its application was not objectively unreasonable.

The Objections merely restate the argument previously made by Summerlin and do not require additional analysis.

5

**Ground Six: Improper Admission of Evidence**

In his Sixth Ground for Relief, Summerlin argues the trial court denied him a fair trial and due process of law by improperly admitting evidence. The supposedly irrelevant evidence was two pictures from Summerlin's Facebook page, each of which showed him with a gun in his waistband and one of which showed him in the company of Priest Huffaker who was also armed (Reply, ECF No. 13, PageID 1364).

Summerlin attacked admission of these photographs as "other bad acts" character evidence, but the First District found a nexus to the case in that they showed his connection to Huffaker. The Report recommended denying Ground six on this basis and on the further basis that the Supreme Court has never found admission of other bad acts character evidence violates the Constitution.

The Objections merely restate the other bad acts arguments and cite no Supreme Court authority to rebut the Report's conclusion. No further analysis is needed on Ground Six.

**Motion for Certificate of Appealability**

In the Report, the Magistrate Judge recommended denying a certificate of appealability in this case (Report, ECF No. 16, PageID 1393). Summerlin has now moved separately for the issuance of a certificate (ECF No. 18).

As Summerlin's counsel correctly notes, a district court is obliged by Rule 11 of the Rules Governing § 2254 Cases to grant or deny a certificate of appealability when its enter final judgment denying relief in a habeas corpus case.

Summerlin seeks a certificate of appealability on all six grounds for relief pleaded in the Petition. *Id.* at PageID 1413-15). In stating the standard for issuance of a certificate, Summerlin

relies on *Jennings v. Woodford*, 290 F.3d 1006 (9th Cir. 2002), asserting the Ninth Circuit held a certificate must issue a certificate of appealability must issue if any of the following apply: (1) the issues are debatable among reasonable jurists; (2) another court could resolve the issues differently; or (3) the questions raised are adequate enough to encourage the petitioner to proceed further. Additionally, Summerlin asserts, "The court must resolve doubts about the propriety of a certificate of appealability in the petitioner's favor." *Id.* quoting *Jennings,* 290 F.3d at 1025.

To obtain a certificate of appealability, a petitioner must show at least that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or that they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017). Issuance of blanket grants or denials of certificates of appealability such as Petitioner has requested here is error *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

The Sixth Circuit recently elaborated on the standard for deciding an appealability motion:

> In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect. Crucially, in applying this standard, a court must consider not only the merits of the underlying constitutional claim but also any procedural barriers to relief. *Buck v. Davis,* 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017); *Slack [v. McDaniel]*, 529 U.S. at 484-85; see also *Dufresne v. Palmer*, 876 F.3d 248, 254 (6th Cir. 2017). To put it simply, a claim does not merit a certificate unless every independent reason to deny the claim is reasonably debatable.

*Moody v. United States*, ___ F.3d ___, 2020 U.S. App. LEXIS 14463 (6th Cir. May 6, 2020).

> [T]he standards for a certificate are no mere technicality. Quite the contrary. By authorizing extra appeals, improper certificates add to

7

> the "profound societal costs" of habeas litigation while sapping limited public resources. *Calderon v. Thompson,* 523 U.S. 538, 554, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998) (quoting *Smith v. Murray*, 477 U.S. 527, 539, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)). For one, they divert our time and attention from the cases Congress actually meant us to hear, often leading us to appoint counsel and schedule argument in cases that we later find to be insubstantial. For another, they require state and federal government attorneys to devote their time and attention to defending appeals that should never have existed. Plus, they may even harm those habeas petitioners whose claims really do merit an appeal because it could "prejudice the occasional meritorious [claim] to be buried in a flood of worthless ones." *Brown v. Allen*, 344 U.S. 443, 537, 73 S. Ct. 397, 97 L. Ed. 469 (1953) (Jackson, J., concurring). In short, it's critical that courts follow the rules Congress set.

*Id.* at *15-16 (6th Cir. May 6, 2020).

Having asserted that the controlling standard is one from the Ninth Circuit, Summerlin proceeds to assert, in completely conclusory fashion, that he "has raised meritorious issues making a substantial showing of a denial of constitutional rights upon which reasonable jurists could disagree." To the contrary, he has not cited any reasonable jurist who actually disagrees with any of the conclusions in the Report.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again concludes that the Petition should be dismissed with prejudice. Because Petitioner has not demonstrated that any reasonable jurist would disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to

proceed *in forma pauperis*.

June 8, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.