# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| GREG SUMMERLIN | : | Case No. 1:19-cv-77 |
| Petitioner, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Michael R. Merz |
| BRANDESHAWN HARRIS, | : | |
| Respondent. | : | |

## DECISION AND ENTRY ADOPTING THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS (Docs. 16, 20)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Michael R. Merz. On May 19, 2020, the Magistrate Judge issued a Report and Recommendation, recommending that the Court dismiss the Petition with prejudice and deny a certificate of appealability. (Doc. 16).

Petitioner filed objections to the Report and Recommendation on May 29, 2020. (Doc. 17). Petitioner also filed a motion for certificate of appealability. (Doc. 18). This motion requested that the Court issue a certificate of appealability in the event the Court overruled Petitioner's objections and adopted the Report and Recommendation. (*Id*.) In light of these filings, this Court entered an Order recommitting the case to the Magistrate Judge for further analysis and recommendations. (Doc. 19).

On June 8, 2020, the Magistrate Judge issued a Supplemental Report and Recommendation, addressing Petitioner's objections and motion for certificate of appealability. (Doc. 20). The Magistrate Judge again recommended dismissing the

Petition and denying a certificate of appealability. (*Id*.) Petitioner filed objections to the Supplemental Report and Recommendation on June 16, 2020. (Doc. 21).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge, and the Court has also considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court finds that the Report and Recommendation and the Supplemental Report and Recommendation should be and are hereby adopted in their entirety. [1]

Accordingly:

1. The Report and Recommendation (Doc. 16) and Supplemental Report and Recommendation (Doc. 20) are **ADOPTED** in their entirety;

---

[1] If objections are filed, the District Judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to ... [and] may accept, reject, or modify the recommended disposition...." Fed. R. Civ. P. 72(b)(3). The District Judge is not required to review *de novo* every issue raised in the original motion or habeas petition, but only those matters that received proper objections. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Thus, "[t]he filing of objections provides the district court with the opportunity to consider the **specific** contentions of the parties and to correct any errors immediately." *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) (emphasis added). "A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[] to the report and recommendation and refer[] to several of the issues in the case.'" *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). In other words, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). In his objections, Petitioner merely copies-and-pastes the various arguments already presented to and considered by the Magistrate Judge in his reply. (*Compare* Doc. 13 *with* Doc. 17 *with* Doc 21). Indeed, Petitioner's objections and supplemental objections are identical, outside of the opening paragraph in the supplemental objections which acknowledges the date the Magistrate Judge issued the Supplemental Report and Recommendation. (Doc. 21 at 2). Petitioner's contentions fail to constitute the type of "specific written objections" contemplated by Fed. R. Civ. P. 72(b)(2). But, even considering Petitioner's arguments thrice, and upon *de novo* review, the Court finds that the Magistrate Judge's Report and Recommendation and Supplemental Report and Recommendation are thorough, accurate, and well-reasoned. Accordingly, **Petitioner's objections are overruled**.

2. Petitioner's objections (Docs. 17, 21) are **OVERRULED** in their entirety;

3. The Petition, as amended, for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docs. 1, 8) is **DISMISSED** with prejudice;

4. Because reasonable jurists would not debate the Court's conclusions, the Court **DENIES** issuance of a certificate of appealability, pursuant to 28 U.S.C. § 2253; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)), and Petitioner's motion for a certificate of appealability (Doc. 18) is **DENIED**;

5. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith and therefore Petitioner is denied leave to appeal *in forma pauperis*; and

6. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** upon the docket of this Court.

**IT IS SO ORDERED.**

Date: 5/19/2021

*s/Timothy S. Black*
Timothy S. Black
United States District Judge